**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4307**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

HUMBERTO DIMAS-GARCIA, a/k/a Tito,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.   Richard M. Gergel, District Judge.  (2:10-cr-01104-RMG-8)

───────────

Submitted:  February 28, 2013      Decided:  March 15, 2013

───────────

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Christopher R. Antley, DEVLIN & PARKINSON, P.A., Greenville, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Humberto Dimas-Garcia pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, conspiracy to commit money laundering, and possession of a firearm by an illegal alien. The district court sentenced him to 135 months' imprisonment. On appeal, Dimas-Garcia's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Dimas-Garcia's plea was knowing and voluntary. Dimas-Garcia was informed of his right to file a pro se supplemental brief but has not done so. The government has declined to file a brief. Because we find no meritorious issues for appeal, we affirm.

Counsel asserts that the district court erred in accepting Dimas-Garcia's guilty plea to the money laundering count because the only money he wired or transferred to his family in Mexico was money he earned from his legitimate employment. Because Dimas-Garcia did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v.

2

Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that defendant must demonstrate he would not have pled guilty but for the error).

Before accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court must ensure that the defendant's plea did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2).

"Before entering judgment on a guilty plea, the court [also] must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This requirement "is intended to ensure that the court makes clear exactly what a defendant admits to, and whether those admissions are factually

3

sufficient to constitute the alleged crime," thereby protecting a defendant from pleading guilty to a crime he has not actually committed. United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted).

Our thorough review of the record reveals that the district court fully complied with Fed. R. Crim. P. 11 in conducting the guilty plea colloquy, at which Dimas-Garcia was assisted by an interpreter. The record discloses that the court explained each count in detail to Dimas-Garcia, and Dimas-Garcia agreed that he was pleading guilty by his own free will because he was guilty. The government summarized its evidence in open court, stating that Dimas-Garcia allowed a drug operation to use his residence to process cocaine and store drug proceeds. The prosecutor explained that Dimas-Garcia received drug proceeds from mid-level distributors, and that the money was then either transported by cars to Atlanta and then to Mexico, or was wired to Mexico, and that Dimas-Garcia was involved with wiring proceeds to Mexico. Dimas-Garcia confirmed under oath that he did not disagree with any part of that summary. Thus we conclude that Dimas-Garcia's guilty plea was knowing and voluntary, and find no error in the district court's acceptance of his guilty plea.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

4

We therefore affirm the district court's judgment.  This court requires that counsel inform Dimas-Garcia in writing of the right to petition the Supreme Court of the United States for further review.  If Dimas-Garcia requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dimas-Garcia.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED